1  **COLLIER LAW FIRM, LLP**
2  Dustin L. Collier (SBN 264766)
   Drew F. Teti (SBN 267641)
3  240 Tamal Vista Blvd., Ste. 100
   Corte Madera, CA 94925
4  T: (415) 767-0047
   F: (415) 767-0037
5  dcollier@collierlawsf.com
   dteti@collierlawsf.com
6
7  **ATTORNEYS FOR PLAINTIFFS**
   Stacia Langley and the Estate of Max Benson
8
   **ELLIS HELM, APC**
9  BRIAN C. ELLIS (SBN 248298)
   JOSHUA K. HELM (SBN 306608)
10 13520 EVENING CREEK DR. N., STE. 360
   SAN DIEGO, CA 92128
11 BRIAN@ELLISHELM.COM
   JOSHUA@ELLISHELM.COM
12
13 **ATTORNEYS FOR PLAINTIFF**
   David Benson
14

15                    UNITED STATES DISTRICT COURT

16                    EASTERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| STACIA LANGLEY, ESTATE OF MAX BENSON, and DAVID BENSON, <br><br> Plaintiffs, <br><br> v. <br><br> GUIDING HANDS SCHOOL, Inc. et al. <br><br> Defendants. | **Case No. 2:25-cv-00670-DJC-CSK** <br><br> **STIPULATION AND ORDER DISMISSING DEFENDANTS JENNIFER GALAS, PATRICK MCGREW, AND RILEY CHESSMAN** <br><br> **Judge: Hon. Daniel J. Calabretta** <br><br> **Trial Date: Not yet set (stayed)** |

## **RECITALS**

WHEREAS, Plaintiffs Estate of Max Benson, Stacia Langley, and David Benson have filed this survivor and wrongful death action arising out of the death of Max Benson ("M.B.");

WHEREAS, Plaintiffs have named Defendants Jennifer Galas, Patrick McGrew, and Riley Chessman (hereafter "DJUSD Individual Defendants"), amongst other Defendants;

WHEREAS, Plaintiffs desire to streamline the litigation by dismissing certain Defendants and withdrawing certain legal theories, without prejudice to seeking leave to add these Defendants or legal theories back into the action if discovery later reveals that they may be liable for Plaintiffs' injuries as alleged in this action;

WHEREAS, counsel for Plaintiffs have met and conferred with counsel for the DJUSD Individual Defendants, and these Parties have reached agreement on the terms under which these Defendants might be dismissed from this action without prejudice.

WHEREFORE, the Parties stipulate and agree as follows:

1. The DJUSD Individual Defendants should be dismissed as Defendants in this action, without prejudice;

2. Nothing about this stipulation precludes Plaintiff from seeking leave to amend the operative Complaint to re-name any of the DJUSD Individual Defendants if discovery later reveals grounds to do so. Conversely, nothing about this stipulation precludes the DJUSD Individual Defendants from opposing any such motion for leave to amend.

3. In the event the Court later grants a motion by Plaintiff for leave to amend that permits Plaintiff to re-name one or more of the DJUSD Individual Defendants as a Defendant, the Parties agree that any and all applicable statute(s) of limitation shall be deemed equitably tolled during the period of the re-named Defendant(s) dismissal from this litigation, as though no such dismissal had occurred, except as it applies to any statute of limitations or government claim filing requirement that had already expired at the time

these individual defendants were first named as defendants in this litigation; and

4. Unless a DJUSD Individual Defendant is later re-named as a Defendant in this action, Plaintiffs and the DJUSD Individual Defendants hereby agree to bear their own costs and attorney's fees incurred in this action. This agreement will not bind any later re-named DJUSD Individual Defendant(s), but all who remain dismissed shall stay bound by this agreement.

**IT IS SO STIPULATED.**

Dated: March 28, 2025                    COLLIER LAW FIRM, LLP

   /s/ Dustin L. Collier
Dustin L. Collier
Drew F. Teti
Attorneys for Plaintiffs
ESTATE OF MAX BENSON
STACIA LANGLEY

Dated: March 28, 2025                    ELLIS HELM, APC

   /s/ Joshua K. Helm
Brian C. Ellis
Joshua K. Helm
Attorneys for Plaintiff
DAVID BENSON

Dated: March 28, 2025                    SPINELLI, DONALD, & NOTT

   /s/ Domenic D. Spinelli
Domenic D. Spinelli
Ross R. Nott
Attorneys for Defendants
JENNIFER GALAS, PATRICK MCGREW, and RILEY CHESSMAN

**ORDER**

The Court, having reviewed the Parties stipulation set forth above, and good cause appearing therefore, hereby orders as follows:

1. Defendants Jennifer Galas, Patrick McGrew, and Riley Chessman are hereby dismissed from this action without prejudice.

2. If discovery later reveals grounds to do so, Plaintiff may seek leave to amend the operative Complaint to re-name Galas, McGrew, and/or Chessman, and Defendants may oppose any such motion.

3. In the event the Court later grants a motion by Plaintiff for leave to amend that permits Plaintiff to re-name Galas, McGrew, and/or Chessman as a Defendant, any and all applicable statute(s) of limitation shall be deemed to have been equitably tolled during the period of such Defendant's dismissal from this litigation, as though no such dismissal had occurred; except as it applies to any statute of limitations or government claim filing requirement that had already expired at the time these individual defendants were first named as defendants in this litigation; and

4. Unless Galas, McGrew, and/or Chessman are later re-named as a Defendant in this action, Plaintiffs and these Defendants shall each bear their own costs and attorney's fees incurred in this action. To the extent any of these individuals is later re-named, this agreement will no longer bind the Parties as to that Defendant or those Defendants.

**IT IS SO ORDERED.**

Dated:  April 2, 2025            /s/ Daniel J. Calabretta
                                 THE HONORABLE DANIEL J. CALABRETTA
                                 UNITED STATES DISTRICT JUDGE