**COLLIER LAW FIRM, LLP**
Dustin L. Collier (SBN 264766)
Drew F. Teti (SBN 267641)
240 Tamal Vista Blvd., Ste. 100
Corte Madera, CA 94925
T: (415) 767-0047
F: (415) 767-0037
dcollier@collierlawsf.com
dteti@collierlawsf.com

**ATTORNEYS FOR PLAINTIFFS**
Stacia Langley and the Estate of Max Benson

**ELLIS HELM, APC**
BRIAN C. ELLIS (SBN 248298)
JOSHUA K. HELM (SBN 306608)
13520 EVENING CREEK DR. N., STE. 360
SAN DIEGO, CA 92128
BRIAN@ELLISHELM.COM
JOSHUA@ELLISHELM.COM

**ATTORNEYS FOR PLAINTIFF**
David Benson

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA LANGLEY, ESTATE OF MAX BENSON, and DAVID BENSON,<br><br>    Plaintiffs,<br><br>  v.<br><br>GUIDING HANDS SCHOOL, Inc. et al.<br><br>    Defendants. | **Case No. 2:25-cv-00670-DJC-CSK**<br><br>**STIPULATION AND ORDER DISMISSING DEFENDANTS CAROLYNNE BENO AND SHARON HOLSTEGE**<br><br>**Judge: Hon. Daniel J. Calabretta**<br><br>**Trial Date: Not yet set (stayed)** |

*Langley v. Guiding Hands Schools, Inc. et al.*
Case No. 2:25-cv-00670-DJC-CSK   1   Stipulation and Order Dismissing Yolo
Individual Defendants

## **RECITALS**

WHEREAS, Plaintiffs Estate of Max Benson, Stacia Langley, and David Benson have filed this survivor and wrongful death action arising out of the death of Max Benson ("M.B.");

WHEREAS, Plaintiffs have named Defendants Carolynne Beno and Sharon Holstege (hereafter "Yolo Individual Defendants"), amongst other Defendants;

WHEREAS, Plaintiffs desire to streamline the litigation by dismissing certain Defendants and withdrawing certain legal theories, without prejudice to seeking leave to add these Defendants or legal theories back into the action if discovery later reveals that they may be liable for Plaintiffs' injuries as alleged in this action;

WHEREAS, counsel for Plaintiffs have met and conferred with counsel for the Yolo Individual Defendants, and these Parties have reached agreement on the terms under which these Defendants might be dismissed from this action without prejudice.

WHEREFORE, the Parties stipulate and agree as follows:

1. The Yolo Individual Defendants should be dismissed as a Defendant in this action, without prejudice;

2. Nothing about this stipulation precludes Plaintiff from seeking leave to amend the operative Complaint to re-name either of the Yolo Individual Defendants if discovery later reveals grounds to do so. Conversely, nothing about this stipulation precludes the Yolo Individual Defendants from opposing any such motion for leave to amend.

3. In the event the Court later grants a motion by Plaintiff for leave to amend that permits Plaintiff to re-name one or both of the Yolo Individual Defendants as a Defendant, the Parties agree that any and all applicable statute(s) of limitation shall be deemed equitably tolled during the period of the re-named Defendant(s) dismissal from this litigation, as though no such dismissal had occurred; and

4. In the event the Court later grants a motion by Plaintiff for leave to amend that permits Plaintiff to re-name one or both of the Yolo Individual

1    Defendants as a Defendant, the re-named Defendant(s) retain all defenses

2    (other than the above tolled statute of limitations) and any rights to

3    challenge the pleadings re-naming them;

4    5.    Unless a Yolo Individual Defendant is later re-named as a Defendant in this

5    action, Plaintiffs and the Yolo Individual Defendants hereby agree to bear

6    their own costs and attorney's fees incurred in this action. This agreement

7    will not bind any later re-named Yolo Individual Defendant(s), but all who

8    remain dismissed shall stay bound by this agreement.

9

**IT IS SO STIPULATED.**

10

11

12    Dated: March 28, 2025                COLLIER LAW FIRM, LLP

13                                                         ___/s/ Dustin L. Collier_____
                                                           Dustin L. Collier
14                                                         Drew F. Teti
                                                           Attorneys for Plaintiffs
15                                                         ESTATE OF MAX BENSON
                                                           STACIA LANGLEY
16

17    Dated: March 28, 2025                ELLIS HELM, APC

18                                                         ___/s/ Joshua K. Helm_____
                                                           Brian C. Ellis
19                                                         Joshua K. Helm
                                                           Attorneys for Plaintiff
20                                                         DAVID BENSON

21    Dated: March 28, 2025                JOHNSON, SCHACTER, & LEWIS

22                                                         ___/s/ Jason Sherman_____
                                                           Jason Sherman
23                                                         Attorney for Defendants
                                                           CAROLYNNE BENO and SHARON
24                                                         HOLSTEGE

25

26

27

28

## ORDER

The Court, having reviewed the Parties stipulation set forth above, and good cause appearing therefore, hereby orders as follows:

1. Defendants Carolynne Beno and Sharon Holstege are hereby dismissed from this action without prejudice.

2. If discovery later reveals grounds to do so, Plaintiff may seek leave to amend the operative Complaint to re-name Beno and/or Holstege as a Defendant, and Defendants may oppose any such motion.

3. In the event the Court later grants a motion by Plaintiff for leave to amend that permits Plaintiff to re-name Beno and/or Holstege as a Defendant, any and all applicable statute(s) of limitation shall be deemed to have been equitably tolled during the period of such Defendant's dismissal from this litigation, as though no such dismissal had occurred; and

4. Unless Beno and/or Holstege is later re-named as a Defendant in this action, Plaintiffs and these Defendants shall each bear their own costs and attorney's fees incurred in this action. To the extent any of these individuals is later re-named, this agreement will no longer bind the Parties as to that Defendant or those Defendants.

**IT IS SO ORDERED.**

Dated:  April 2, 2025                              /s/ Daniel J. Calabretta
                                                            THE HONORABLE DANIEL J. CALABRETTA
                                                            UNITED STATES DISTRICT JUDGE

*Langley v. Guiding Hands Schools, Inc. et al.*
Case No. 2:25-cv-00670-DJC-CSK                    4                    Stipulation and Order Dismissing Yolo
                                                                                          Individual Defendants