**COLLIER LAW FIRM, LLP**
Dustin L. Collier (SBN 264766)
Drew F. Teti (SBN 267641)
240 Tamal Vista Blvd., Ste. 100
Corte Madera, CA 94925
T: (415) 767-0047
F: (415) 767-0037
dcollier@collierlawsf.com
dteti@collierlawsf.com

**ATTORNEYS FOR PLAINTIFFS**
Stacia Langley and the Estate of Max Benson

**ELLIS HELM, APC**
BRIAN C. ELLIS (SBN 248298)
JOSHUA K. HELM (SBN 306608)
13520 EVENING CREEK DR. N., STE. 360
SAN DIEGO, CA 92128
BRIAN@ELLISHELM.COM
JOSHUA@ELLISHELM.COM

**ATTORNEYS FOR PLAINTIFF**
David Benson

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA LANGLEY, ESTATE OF MAX BENSON, and DAVID BENSON,<br><br>Plaintiffs,<br><br>v.<br><br>GUIDING HANDS SCHOOL, Inc. et al.<br><br>Defendants. | **Case No. 2:25-cv-00670-DJC-CSK**<br><br>**STIPULATION AND ORDER DISMISSING DEFENDANT HANDLE WITH CARE BEHAVIORAL MANAGEMENT SYSTEM, INC.**<br><br>**Judge: Hon. Daniel J. Calabretta**<br><br>**Trial Date: Not yet set (stayed)** |

## **RECITALS**

WHEREAS, Plaintiffs Estate of Max Benson, Stacia Langley, and David Benson have filed this survivor and wrongful death action arising out of the death of Max Benson ("M.B.");

WHEREAS, Plaintiffs have named Defendant Handle With Care Behavior Management System, Inc. ("HWC"), amongst other Defendants;

WHEREAS, Plaintiffs desire to streamline the litigation by dismissing certain Defendants and withdrawing certain legal theories, without prejudice to seeking leave to add these Defendants or legal theories back into the action if discovery later reveals that they may be liable for Plaintiffs' injuries as alleged in this action;

WHEREAS, counsel for Plaintiffs have met and conferred with counsel for HWC, and these Parties have reached agreement on the terms under which this Defendant should be dismissed from this action without prejudice.

WHEREFORE, the Parties stipulate and agree as follows:

1. Defendant HWC shall be dismissed as a Defendant in this action, without prejudice;

2. Nothing about this stipulation precludes Plaintiffs from seeking leave to amend the operative Complaint to re-name HWC as a Defendant if discovery later reveals new, material evidence, that would provide a reasonable likelihood of liability on HWC's part. Conversely, nothing about this stipulation precludes HWC from opposing any such motion for leave to amend. The Parties agree that any motion seeking leave to re-name HWC must be filed no later than 180 days prior to the original date set for the trial of this action, in order to ensure that HWC has adequate time to prepare a defense and, if need be, to request a continuance of trial for that purpose which Plaintiffs agree to not oppose. Also, nothing in this stipulation precludes HWC from filing a motion to dismiss should HWC be re-named as a defendant in this matter;

///

3. In the event the Court later grants a motion by Plaintiffs for leave to amend that permits Plaintiffs to re-name HWC as a Defendant, the Parties agree that any and all applicable statute(s) of limitation shall be deemed equitably tolled during the period of HWC's dismissal from this litigation, as though no such dismissal had occurred. The Parties further stipulate and agree that any statute of limitations defense that may have existed prior to the dismissal of HWC pursuant to this stipulation, can be asserted by HWC in the event that that HWC is re-named as a defendant in this action.

4. Unless HWC is later re-named as a Defendant in this action, Plaintiffs and HWC hereby agree to bear their own costs and attorney's fees incurred in this action.

**IT IS SO STIPULATED.**

Dated: March 28, 2025

COLLIER LAW FIRM, LLP

___/s/ Dustin L. Collier_____
Dustin L. Collier
Drew F. Teti
Attorneys for Plaintiffs
ESTATE OF MAX BENSON
STACIA LANGLEY

Dated: March 28, 2025

ELLIS HELM, APC

___/s/ Joshua K. Helm_____
Brian C. Ellis
Joshua K. Helm
Attorneys for Plaintiff
DAVID BENSON

Dated: March 28, 2025

SCHUERING & DOYLE, LLP

__/s/ Daniela Stoutenburg_____
Daniela Stoutenburg
Attorney for Defendant
HANDLE WITH CARE BEHAVIOR
MANAGEMENT SYSTEM, INC.

## **ORDER**

The Court, having reviewed the Parties stipulation set forth above, and good cause appearing therefore, hereby orders as follows:

1. Defendant Handle With Care Behavior Management System, Inc. ("HWC") is hereby dismissed from this action without prejudice.

2. If discovery later reveals new, material evidence, that would provide a reasonable likelihood of liability on HWC's part, Plaintiffs may seek leave to amend the operative Complaint to re-name HWC as a Defendant, and Defendant may oppose any such motion. Any such motion must be filed no later than 180 days prior to the original date set for the trial of this action, in order to ensure that HWC has adequate time to prepare a defense and, if need be, to request a continuance of trial for that purpose, which Plaintiffs will not oppose. Also, HWC will have the opportunity to file a motion to dismiss should HWC be re-named as a defendant in this matter.

3. In the event the Court later grants a motion by Plaintiffs for leave to amend that permits Plaintiffs to re-name HWC as a Defendant, any and all applicable statute(s) of limitation shall be deemed to have been equitably tolled during the period of HWC's dismissal from this litigation, as though no such dismissal had occurred.  Further, any statute of limitations defense that may have existed prior to the dismissal of HWC pursuant to this stipulation, can be asserted by HWC in the event that that HWC is re-named as a defendant in this action;

///
///
///
///
///
///
///

4. Unless HWC is later re-named as a Defendant in this action, Plaintiffs and HWC shall each bear their own costs and attorney's fees incurred in this action.

**IT IS SO ORDERED.**

Dated: April 2, 2025

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE