1

2

**COLLIER LAW FIRM, LLP**
Dustin L. Collier (SBN 264766)
Drew F. Teti (SBN 267641)
240 Tamal Vista Blvd., Ste. 100
Corte Madera, CA 94925
T: (415) 767-0047
F: (415) 767-0037
dcollier@collierlawsf.com
dteti@collierlawsf.com

3

4

5

6

**ATTORNEYS FOR PLAINTIFFS**
Stacia Langley and the Estate of Max Benson

7

8

**ELLIS HELM, APC**
BRIAN C. ELLIS (SBN 248298)
JOSHUA K. HELM (SBN 306608)
13520 EVENING CREEK DR. N., STE. 360
SAN DIEGO, CA 92128
BRIAN@ELLISHELM.COM
JOSHUA@ELLISHELM.COM

9

10

11

12

13

**ATTORNEYS FOR PLAINTIFF**
David Benson

14

15

UNITED STATES DISTRICT COURT

16

EASTERN DISTRICT OF CALIFORNIA

17

18

19

20

21

22

23

24

25

26

| STACIA LANGLEY, ESTATE OF MAX BENSON, and DAVID BENSON, Plaintiffs, v. GUIDING HANDS SCHOOL, Inc. et al. Defendants. | **Case No. 2:25-cv-00670-DJC-CSK** **STIPULATION AND ORDER DISMISSING DEFENDANTS BETTY MORGAN, JILL WATSON, LE'MON THOMAS, DAVID CHAMBERS, JENNIFER CHRISTENSON, CINDY KELLER, NIMA NARAN, AND STARANNE MEYERS** **Judge: Hon. Daniel J. Calabretta** **Trial Date: Not yet set (stayed)** |
|---|---|

27

28

## RECITALS

WHEREAS, Plaintiffs Estate of Max Benson, Stacia Langley, and David Benson have filed this survivor and wrongful death action arising out of the death of Max Benson ("M.B.");

WHEREAS, Plaintiffs have named Defendants Betty Morgan, Jill Watson, Le'Mon Thomas, David Chambers, Jennifer Christenson, Cindy Keller, Nima Naran, and Staranne Meyers (hereafter "GHS Individual Defendants"), amongst other Defendants;

WHEREAS, Plaintiffs desire to streamline the litigation by dismissing certain Defendants and withdrawing certain legal theories, without prejudice to seeking leave to add these Defendants or legal theories back into the action if discovery later reveals that they may be liable for Plaintiffs' injuries as alleged in this action;

WHEREAS, counsel for Plaintiffs have met and conferred with counsel for the GHS Individual Defendants, and these Parties have reached agreement on the terms under which these Defendants might be dismissed from this action without prejudice.

WHEREFORE, the Parties stipulate and agree as follows:

1. The GHS Individual Defendants should be dismissed as a Defendant in this action, without prejudice;

2. Nothing about this stipulation precludes Plaintiff from seeking leave to amend the operative Complaint to re-name any of the GHS Individual Defendants if discovery later reveals grounds to do so. Conversely, nothing about this stipulation precludes the GHS Individual Defendants from opposing any such motion for leave to amend. The Parties agree that any such motion shall be filed no later than 90 days prior to the close of fact discovery and/or the deadline to file a motion for summary judgment, whichever is sooner.

3. In the event the Court later grants a motion by Plaintiff for leave to amend that permits Plaintiff to re-name one or more of the GHS Individual Defendants as a Defendant, the Parties agree that any and all applicable statute(s) of limitation shall be deemed equitably tolled during the period of

the re-named Defendant(s) dismissal from this litigation, as though no such

dismissal had occurred; and

4. Unless a GHS Individual Defendant is later re-named as a Defendant in

this action, Plaintiffs and the GHS Individual Defendants hereby agree to

bear their own costs and attorney's fees incurred in this action. This

agreement will not bind any later re-named GHS Individual Defendant(s),

but all who remain dismissed shall stay bound by this agreement.

**IT IS SO STIPULATED.**

Dated: March 28, 2025                        COLLIER LAW FIRM, LLP

                                                   ___/s/ Dustin L. Collier_____
                                                   Dustin L. Collier
                                                   Drew F. Teti
                                                   Attorneys for Plaintiffs
                                                   ESTATE OF MAX BENSON
                                                   STACIA LANGLEY

Dated: March 28, 2025                        ELLIS HELM, APC
                                                   ___/s/ Joshua K. Helm_____
                                                   Brian C. Ellis
                                                   Joshua K. Helm
                                                   Attorneys for Plaintiff
                                                   DAVID BENSON

Dated: March 28, 2025                        SIMS, LAWRENCE, & BROGHAMMER

                                                   ___/s/ Sharonrose Cannistraci___
                                                   Cynthia Lawrence
                                                   Sharonrose Cannistraci
                                                   Attorney for Defendants
                                                   BETTY MORGAN, JILL WATSON,
                                                   LE'MON THOMAS, DAVID CHAMBERS,
                                                   JENNIFER CHRISTENSON, CINDY
                                                   KELLER, NIMA NARAN, and
                                                   STARANNE MEYERS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ORDER**

The Court, having reviewed the Parties stipulation set forth above, and good cause appearing therefore, hereby orders as follows:

1.   Defendants Betty Morgan, Jill Watson, Le'Mon Thomas, David Chambers, Jennifer Christenson, Cindy Keller, Nima Naran, and Staranne Meyers are hereby dismissed from this action without prejudice.

2.   If discovery later reveals grounds to do so, Plaintiff may seek leave to amend the operative Complaint to re-name Morgan, Watson, Thomas, Chambers, Christenson, Keller, Naran, and/or Myers as a Defendant, and Defendants may oppose any such motion. Any such motion shall be filed no later than 90 days prior to the close of fact discovery and/or the deadline to file a motion for summary judgment, whichever is sooner.

3.   In the event the Court later grants a motion by Plaintiff for leave to amend that permits Plaintiff to re-name Morgan, Watson, Thomas, Chambers, Christenson, Keller, Naran, and/or Myers as a Defendant, any and all applicable statute(s) of limitation shall be deemed to have been equitably tolled during the period of such Defendant's dismissal from this litigation, as though no such dismissal had occurred; and

4.   Unless Morgan, Watson, Thomas, Chambers, Christenson, Keller, Naran, and/or Myers are later re-named as a Defendant in this action, Plaintiffs and these Defendants shall each bear their own costs and attorney's fees incurred in this action. To the extent any of these individuals is later re-named, this agreement will no longer bind the Parties as to that Defendant or those Defendants.

**IT IS SO ORDERED.**

Dated:  April 2, 2025                                /s/ Daniel J. Calabretta

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE