**COLLIER LAW FIRM, LLP**
Dustin L. Collier (SBN 264766)
Drew F. Teti (SBN 267641)
240 Tamal Vista Blvd., Ste. 100
Corte Madera, CA 94925
T: (415) 767-0047
F: (415) 767-0037
dcollier@collierlawsf.com
dteti@collierlawsf.com

**ATTORNEYS FOR PLAINTIFFS**
Stacia Langley and the Estate of Max Benson

**ELLIS HELM, APC**
BRIAN C. ELLIS (SBN 248298)
JOSHUA K. HELM (SBN 306608)
13520 EVENING CREEK DR. N., STE. 360
SAN DIEGO, CA 92128
BRIAN@ELLISHELM.COM
JOSHUA@ELLISHELM.COM

**ATTORNEYS FOR PLAINTIFF**
David Benson

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA LANGLEY, ESTATE OF MAX BENSON, and DAVID BENSON,<br><br>Plaintiffs,<br><br>v.<br><br>GUIDING HANDS SCHOOL, Inc. et al.<br><br>Defendants. | **Case No. 2:25-cv-00670-DJC-CSK**<br><br>**STIPULATION AND ORDER DISMISSING DEFENDANT KIM DILLON**<br><br>**Judge: Hon. Daniel J. Calabretta**<br><br>**Trial Date: Not yet set (stayed)** |

## RECITALS

WHEREAS, Plaintiffs Estate of Max Benson, Stacia Langley, and David Benson have filed this survivor and wrongful death action arising out of the death of Max Benson ("M.B.");

WHEREAS, Plaintiffs have named Defendants Betty Morgan, Jill Watson, Le'Mon Thomas, David Chambers, Jennifer Christenson, Cindy Keller, Nima Naran, Staranne Meyers, and Kim Dillon (hereafter "GHS Individual Defendants"), amongst other Defendants and the Court has previously dismissed these GHS Individual Defendants without prejudice except Kim Dillon whose name was inadvertently omitted from the stipulated order of dismissal;

WHEREAS, Plaintiffs desire to streamline the litigation by dismissing certain Defendants and withdrawing certain legal theories, without prejudice to seeking leave to add these Defendants or legal theories back into the action if discovery later reveals that they may be liable for Plaintiffs' injuries as alleged in this action;

WHEREAS, counsel for Plaintiffs have met and conferred with counsel for the GHS Individual Defendants, and these Parties have reached agreement on the terms under which these Defendants might be dismissed from this action without prejudice.

WHEREFORE, the Parties stipulate and agree as follows:

1. Defendant Kim Dillon should be dismissed as a Defendant in this action, without prejudice;

2. Nothing about this stipulation precludes Plaintiff from seeking leave to amend the operative Complaint to re-name Defendant Kim Dillon if discovery later reveals grounds to do so. Conversely, nothing about this stipulation precludes Defendant Kim Dillon from opposing any such motion for leave to amend. The Parties agree that any such motion shall be filed no later than 90 days prior to the close of fact discovery and/or the deadline to file a motion for summary judgment, whichever is sooner.

3. In the event the Court later grants a motion by Plaintiff for leave to amend that permits Plaintiff to re-name Kim Dillon as a Defendant, the Parties

agree that any and all applicable statute(s) of limitation shall be deemed equitably tolled during the period of the re-named Defendant(s) dismissal from this litigation, as though no such dismissal had occurred; and

4. Unless Kim Dillon is later re-named as a Defendant in this action, Plaintiffs and Kim Dillon hereby agree to bear their own costs and attorney's fees incurred in this action. This agreement will not bind any later re-named GHS Individual Defendant(s), but all who remain dismissed shall stay bound by this agreement.

**IT IS SO STIPULATED.**

Dated: March 28, 2025          COLLIER LAW FIRM, LLP

  /s/ Dustin L. Collier
Dustin L. Collier
Drew F. Teti
Attorneys for Plaintiffs
ESTATE OF MAX BENSON
STACIA LANGLEY

Dated: March 28, 2025          ELLIS HELM, APC
  /s/ Joshua K. Helm
Brian C. Ellis
Joshua K. Helm
Attorneys for Plaintiff
DAVID BENSON

Dated: March 28, 2025          SIMS, LAWRENCE, & BROGHAMMER

  /s/ Sharonrose Cannistraci
Cynthia Lawrence
Sharonrose Cannistraci
Attorney for Defendants
BETTY MORGAN, JILL WATSON, LE'MON THOMAS, DAVID CHAMBERS, JENNIFER CHRISTENSON, CINDY KELLER, NIMA NARAN, STARANNE MEYERS, KIM DILLON

## **ORDER**

The Court, having reviewed the Parties stipulation set forth above, and good cause appearing therefore, hereby orders as follows:

1. Defendant Kim Dillon is hereby dismissed from this action without prejudice.
2. If discovery later reveals grounds to do so, Plaintiff may seek leave to amend the operative Complaint to re-name Kim Dillon as a Defendant, and Defendant may oppose any such motion. Any such motion shall be filed no later than 90 days prior to the close of fact discovery and/or the deadline to file a motion for summary judgment, whichever is sooner.
3. In the event the Court later grants a motion by Plaintiff for leave to amend that permits Plaintiff to re-name Kim Dillon as a Defendant, any and all applicable statute(s) of limitation shall be deemed to have been equitably tolled during the period of such Defendant's dismissal from this litigation, as though no such dismissal had occurred; and
4. Unless Kim Dillon is later re-named as a Defendant in this action, Plaintiffs and this Defendant shall each bear their own costs and attorney's fees incurred in this action. To the extent this individual is later re-named, this agreement will no longer bind the Parties as to that Defendant.

**IT IS SO ORDERED.**

Dated:  May 14, 2025

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE